1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PROVIDENCE HEALTH & SERVICES – WASHINGTON, in its capacity as fiduciary of the Providence Health & Services Health and Welfare Benefit Plan, | Case No.: 2:21-cv-1530 |
| Plaintiff, | COMPLAINT |
| vs. | |
| GRANT CHAPMAN, individually and WILLIAM S. LEONARD, A PROFESSIONAL LAW CORPORATION, | |
| Defendants. | |

For its Complaint against Grant Chapman ("Chapman") and William S. Leonard, A Professional Law Corporation, the Plaintiff, Providence Health & Services - Washington in its capacity as fiduciary of the Providence Health & Services Health and Welfare Benefit Plan (sometimes hereinafter referred to as the "Plan"), avers and states as follows:

## **BACKGROUND**

1.     This is an action principally under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. §1132(a)(3) for equitable relief to remedy violations of the Plan, which is a self-funded employee welfare benefit plan within the meaning of 3(a) of ERISA, 29 U.S.C. § 1002(1).

2.     The Plan has paid benefits on behalf of Grant Chapman for injuries he sustained as a result of an accident for which another party is responsible. The Plan

MATTHIESEN WICKERT & LEHRER SC.
1111 E. Sumner St., | Hartford, WI 53027
Phone: 262-673-7850 | Fax: 262-673-3766

seeks equitable relief in the form of a constructive trust and/or equitable lien by agreement upon amounts held by Grant Chapman and William S. Leonard, A Professional Law Corporation, that belong in good conscience to the Plan.

3.      This is an action, in part, for equitable relief and the imposition of a constructive trust and/or equitable lien over identifiable funds in the possession or constructive possession of the Defendants.

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331. The Court has the exclusive subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 1132(e)(1).

5.      Venue in this Court is proper, pursuant to 29 U.S.C. § 1132(e)(2), because the Plan is administered within this district.

## THE PARTIES

6.      The Plan brings this Complaint against the Defendants to enforce the terms of the Providence Health & Services Health and Welfare Benefit Plan in its capacity as fiduciary of the Plan.

7.      Providence Health & Services - Washington, located at 1801 Lind Avenue SW, #906, Renton, Washington, self-funds the Plan through its general assets and is the plan administrator and named fiduciary of the Plan, as those terms are defined in 29 U.S.C. §§ 1002(16)(A) and 1102(a)(2), respectively.

COMPLAINT - 2

MATTHIESEN WICKERT & LEHRER SC.
1111 E. Sumner St.,  |  Hartford, WI 53027
Phone: 262-673-7850  |  Fax: 262-673-3766

8.    Plaintiff is authorized to bring this action on behalf of all Plan participants and beneficiaries to enforce the terms of the Plan and to protect the assets of the Plan under 29 U.S.C. § 1132(a)(3) and federal common law.

9.    Upon information and belief, Grant Chapman is an adult resident and citizen of the State of California and may be personally served at his residence at 9812 Chicopee Avenue, Northridge, CA 91325.

10.    Upon information and belief, William S. Leonard, A Professional Law Corporation, for the periods of time relevant to this Complaint, is a California professional law corporation and law firm who represents Chapman. It is a California resident and citizen and may be personally served c/o Jeffrey Leonard, 6300 Canoga Avenue, Suite 1500, Woodland Hills, CA 91367. This Defendant is a necessary party to this litigation as it is a Trustee of the Chapman settlement funds and is in actual and/or constructive control of the funds and is named as a Defendant to ensure that full relief may be granted in accordance with the prayer for relief.

## FACTUAL ALLEGATIONS

11.    Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 10 of the Complaint as if each paragraph were fully set forth herein.

12.    At all times relevant to this Complaint, Chapman was a participant and beneficiary under the terms of the Plan.

MATTHIESEN WICKERT & LEHRER SC.
1111 E. Sumner St.,  | Hartford, WI 53027
Phone: 262-673-7850  | Fax: 262-673-3766

13.     On February 1, 2020, Grant Chapman was riding his motorcycle when he was struck by the adverse.

14.     Chapman pursued a liability claim for his injuries and damages sustained as a result of the motor vehicle accident that occurred on February 1, 2020, including the medical expenses paid by the Plan.

15.     Chapman filed suit, alleging negligence against Anie Mansour and 20 John Doe Defendants, related to the February 1, 2020 crash, in the Superior Court of the State of California, Los Angeles County, Case No. 20STCV26150.

16.     In the underlying litigation, Chapman sought damages related to his ongoing need for medical treatment, including for medical bills which would be incurred in the future:

> 11.    As a further proximate cause of said conduct of Defendants, and each of them, Plaintiff was required to, and did, employ doctors, nurses, and therapists to examine, treat and care for him and did incur medical and incidental expenses in a sum not yet ascertained.  Plaintiff is informed and believes and based thereon alleges there will be additional medical and incidental expenses incurred, the exact amount of which are presently unknown to Plaintiff. Leave of Court will be sought to amend this Complaint to insert the exact amount thereof, when the same has been ascertained or on proof thereof.

17.     As of October 29, 2021, the Plan has paid medical expenses in the amount of $203,864.84 on behalf of Chapman for injuries he sustained as a result of the February 1, 2020 motor vehicle accident and the Plan seeks to recover these monies from the Defendants to the fullest extent.

18.     Representatives for the Plan have placed Chapman and his agent on notice of the Plan's right to recover the monies paid on his behalf.

19.   The subrogation and reimbursement provisions of the Plan provide for a first priority lien without reduction for attorneys' fees, costs, or expenses.

20.   The Plan contains, *inter alia*, the following provisions governing subrogation and reimbursement:

## Recovery/Reimbursement

By enrolling in a health plan, you agree to the provisions of the recovery, reimbursement, and coordination of benefits provisions, including subrogation, as a condition of receiving benefits under the Plan. If you or your covered dependent fail to comply with the requirements, payment of benefits may be suspended.

### Recovery

Whenever payments have been made in excess of the amount necessary to satisfy the provisions of this Plan, including coordination of benefits, the Plan has the right to recover the amount of the payments from any individual, insurance company, health care provider, or other organization to whom the excess payments were made.

Whenever payments have been based on the insured's fraudulent act or intentional misrepresentation of material fact, the Plan has the right to withhold payment of benefits under the Plan until the overpayment is recovered.

### Reimbursement

The Plan's right to reimbursement is separate from and in addition to the Plan's right of subrogation. For more information on subrogation, please review the Coordination of Benefits section, below.

## Coordination of Benefits

If you or your covered dependents have health benefit coverage through another employer, a government plan or Medicare, your Providence health plan will coordinate payments to ensure the total paid by both plans will not exceed the total amount charged. This is called Coordination of Benefits (COB).

If you or your covered dependents receive payments for health care from other sources, such as motor vehicle or liability insurance, your Providence health plan will seek to be reimbursed for benefits paid under the Plan or take over your right to receive payments from the other party. Review the Benefits Paid by Other Sources section for more information.

COMPLAINT - 5

MATTHIESEN WICKERT & LEHRER SC.
1111 E. Sumner St., | Hartford, WI 53027
Phone: 262-673-7850 | Fax: 262-673-3766

All of your Providence health benefits – medical, prescription drugs, dental, and vision – are subject to these provisions.

(Plan pp. 96).

## Benefits Paid by Other Sources

Situations may arise in which health care expenses are also covered by a source other than the Plan. If so, the Plan won't provide benefits that duplicate the other coverage. For example, the Plan won't provide benefits that duplicate those available to a covered person under no-fault motor vehicle or similar insurance or through a state-sponsored program such as the Department of Social and Health Services (DSHS).

If another plan is the primary plan, a copy of the other plan's explanation of benefits (EOB) should be included with the claim you submit to PHP.

### Third-Party Liability

If someone else is legally responsible or agrees to compensate you for injuries suffered by you or a family member, you will need to reimburse the Plan for any benefits the Plan paid in connection with those injuries, whether or not you have been made whole by such compensation.

If the Plan requests that a subrogation statement or other repayment agreement be signed, the Plan's right to recovery through reimbursement and/or subrogation remains in effect, regardless of whether the statement or agreement is actually signed.

### Failure to Refund Full Amount

If you or your dependent (and in the event of a dependent who is a minor, the dependent's representative) does not promptly refund the full amount to the Plan that is due to the Plan under this provision, the Plan may reduce the amount of any future benefits that are payable to you or your dependent. The reductions will equal the amount the Plan paid in excess of the amount it should have paid. The Plan may have other rights in addition to the right to reduce future benefits.

### Subrogation and Recovery

This provision applies when you or your dependent, referred to in this section as "covered person," may incur medical charges due to injuries which may be caused by the act or omission of a *third party* or a third party may be responsible for payment. In these circumstances, the covered person or the covered person's beneficiary may have a claim against that third party, or insurer, for payment of the medical charges. Accepting benefits under the Providence Health System's health plan(s) for those incurred medical expenses automatically assigns to the Plan any rights the covered person may have to recover payments from any third party or insurer.

COMPLAINT - 6

MATTHIESEN WICKERT & LEHRER SC.
1111 E. Sumner St., | Hartford, WI 53027
Phone: 262-673-7850 | Fax: 262-673-3766

The Plan's share of the recovery shall not be reduced because you, your dependent, or your beneficiary has not received the full damages claimed, unless the Plan agrees in writing to a reduction.

Further, this subrogation right allows the Plan to pursue any claim the covered person has against any third party, or insurer, whether or not the covered person chooses to pursue that claim. The Plan may make a claim directly against the third party or insurer, but in any event, the Plan has a lien on any amount recovered by the covered person whether or not designated as payment for medical expenses. This lien shall remain in effect until the Plan is repaid in full.

The covered person must:

• Automatically assign to the Plan his or her rights against any third party or insurer when this provision applies and

• Repay to the Plan the benefits paid on his or her behalf out of the recovery made from the third party or insurer, or the Plan may recover from the covered person or his or her legal representative any benefits paid under the Plan from any payment the covered person receives, or is entitled to receive, from the third party

## Amount Subject to Subrogation or Refund

The covered person agrees to recognize the Plan's right to subrogation and reimbursement. These rights provide the Plan with a 100%, first-dollar priority over any and all *Recoveries* and funds paid by a third party to a covered person relative to the injury or sickness, including a priority over any claim for nonmedical or dental charges, or other costs and expenses. The Plan's priority amount is not to be reduced by attorney fees related to recovery, unless in the Plan Administrator's sole discretion it is determined that not sharing a portion of such fees or costs would be inequitable given the facts of a particular case. Accepting benefits under the Plan for those incurred medical expenses automatically assigns to the Plan any and all rights the covered person may have to recover payments from any third party. Further, accepting benefits under this Plan for those incurred medical expenses automatically assigns to the Plan the covered person's third-party claims.

Notwithstanding its priority to funds, the Plan's subrogation and refund rights, as well as the rights assigned to it, are limited to the extent to which the Plan has made, or will make, payments for medical charges as well as any costs and fees associated with the enforcement of its rights under the Plan. The Plan reserves the right to be reimbursed for its court costs and attorneys' fees if the Plan needs to file suit in order to recover payment for medical expenses from the covered person. Also, the Plan's right to subrogation still applies if the recovery received by the covered person is less than the claimed damage, and, as a result, the claimant is not made whole.

When a right of recovery exists, the covered person will provide all required materials and do whatever is needed to secure the Plan's right of subrogation in return for having the Plan make payments. In addition, the covered person will do nothing to prejudice the right of the Plan to subrogate.

COMPLAINT - 7

### Conditions Precedent to Coverage

The Plan shall have no obligation whatsoever to pay medical/dental benefits to a covered person if he or she refuses to cooperate with the Plan's reimbursement and subrogation rights or refuses to deliver materials the Plan requires. In the event the covered person is a minor, the Plan shall have no obligation to pay any medical benefits incurred on account of injury or sickness caused by a third party until after the covered person or his authorized legal representative obtains valid court recognition and approval of the Plan's 100%, first-dollar reimbursement and subrogation rights.

### Suspension of Benefits

After the covered person has received proceeds of a settlement or recovery from the third party, the covered person is responsible for payment of all medical expenses for the continuing treatment of the illness or injury that the Plan would otherwise be required to pay, until all proceeds from the settlement or recovery have been exhausted. If the covered person has failed to reimburse the Plan as required by this section, the Plan is entitled to offset future benefits otherwise payable under this Plan, or under any future plan offered by Providence Health Services, to the extent of the value of the benefits advanced under this section.

If the covered person continues to receive medical treatment for the condition after obtaining a settlement or recovery from one or more third parties, the Plan is not required to provide coverage for continuing treatment until the covered person proves to the Plan's satisfaction that the total cost of the treatment is more than the amount received in settlement or recovered from the third party, after deducting the cost of obtaining the settlement or recovery. The Plan will only cover the amount by which the total cost of benefits that would otherwise be covered under the Plan exceeds the amount received in settlement or recovery from the third party.

The Plan is entitled to suspend such benefits even if the total amount of such settlement or recovery does not fully compensate the covered person for other damages, particularly including lost wages or pain and suffering.

Any settlement arising out of an injury or illness covered by the Plan will be deemed first to compensate the covered person for medical expenses, regardless of any allocation of proceeds in any settlement document that the Plan has not approved in advance. In no event shall the amount reimbursed to the Plan be less than the maximum permitted by law.

(Plan pp. 98-100).

21.     On information and belief, the Defendant, Grant Chapman settled his bodily injury claim in the amount of $1,000,000.00.

COMPLAINT - 8

MATTHIESEN WICKERT & LEHRER SC.
1111 E. Sumner St.,  | Hartford, WI 53027
Phone: 262-673-7850  | Fax: 262-673-3766

22.    In July of 2020, the Plan was advised that the claim had settled for $1,000,000.00.

23.    On August 25, 2020, John Rice of The Lien Project, LP advised that he was retained by the Law Offices of William S. Leonard on behalf of Chapman to negotiate the Plan's subrogation interest.

24.    Attorney Rice first requested documentation from the Plan Administrator (Plaintiff) under 29 U.S.C. § 1024 in a letter delivered on December 29, 2020.

25.    Attorney Rice's request sought, *inter alia*, publicly available documents, and documents which had already been provided to the Defendant Chapman, either personally or through counsel.

26.    Plaintiff responded to the letter on January 14, 2020.

27.    Plaintiff's response to 29 U.S.C. § 1024 was made within 30 days of the request.

28.    Plaintiff's response included:

- The Providence Health & Services Summary Plan Description effective January 1, 2016 and benefits open enrollment guides serving as Summaries of Material Modifications for the 2017, 2018, 2019 and 2020 plan years.

- The Providence Health & Services Health and Welfare Benefit Plan Document, as amended and restated as of January 1, 2013, and first and second amendments.

COMPLAINT - 9

MATTHIESEN WICKERT & LEHRER SC.
1111 E. Sumner St.,  | Hartford, WI 53027
Phone: 262-673-7850  | Fax: 262-673-3766

- Form 5500s and SARs for the 2018 and 2019 plan years.

29.     Plaintiff's response fully complied with its statutory obligations.

30.     Plaintiff's response advised Plaintiff's counsel that "should [he] have a specific question or concern that is not addressed by the enclosed materials, we encourage you to contact us in writing to address those questions or concerns."

31.     Under 29 U.S.C. § 1132, Plan Participants may seek to have discretionary fines imposed, in an amount of up to $110 per day, when an ERISA plan fails to comply with, among other things, its 29 U.S.C. § 1024 obligations.

32.     Plaintiff's obligations, as well as the availability of fines under the statute, were modified by section 3607 of the Coronavirus Aid, Relief and Economic Security Act (CARES Act) as well as EBSA Disaster Relief Notice 2020-01.

33.     As explained by the Department of Labor: "an employee benefit plan and the responsible plan fiduciary *will not be in violation of ERISA for a failure to timely furnish a notice, disclosure, or document that must be furnished between March 1, 2020, and 60 days after the announced end of the COVID-19 National Emergency*, if the plan and responsible fiduciary act in good faith and furnish the notice, disclosure, or document as soon as administratively practicable under the circumstances." EBSA Disaster Relief Notice 2020-01 (emphasis added). [1]

34.     Any alleged claim for fines based on an alleged failure to provide documents is legally distinct claim from the amount due the Plan from Defendant

---

[1] Employee Benefits Security Administration Disaster Relief Notice 2020-01, Guidance and Relief for Employee Benefit Plans Due to the COVID-19 (Novel Coronavirus) Outbreak, 4, *available at* https://www.dol.gov/sites/dolgov/files/ebsa/employers-and-advisers/plan-administration-and-compliance/disaster-relief/ebsa-disaster-relief-notice-2020-01.pdf.

MATTHIESEN WICKERT & LEHRER SC.
1111 E. Sumner St.,  |  Hartford, WI 53027
Phone: 262-673-7850  |  Fax: 262-673-3766

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Chapman's $1,000,000 settlement and such claim would not serve to reduce the amount due the Plan.

35.    Though Defendant Chapman has recovered said $1,000,000 in settlement funds, the Defendants have refused to honor the Plan's first-priority reimbursement claim.

36.    The Defendants remain in actual and constructive possession of the disputed settlement funds.

## COUNT I

## CLAIMS FOR RELIEF UNDER 29 U.S.C. § 1132(a)(3)

37.    Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 36 of the Plaintiff's Complaint as if each paragraph were fully set forth herein.

38.    The Plan has a right to reimbursement of medical expenses it has paid or will pay on behalf of Chapman from any and all settlement(s) received for, or in connection with, the underlying accident. As of October 29, 2021, that figure is $203,864.84, and may continue to increase.

39.    Chapman and William S. Leonard, A Professional Law Corporation, are in possession and/or constructive possession of funds to which they are not entitled, and that belong in good conscience to the Plan.

40.    Although the Plaintiff has requested that Chapman reimburse the Plan pursuant to Plan terms, Chapman has refused to turn over the portion of the

COMPLAINT - 11

MATTHIESEN WICKERT & LEHRER SC.
1111 E. Sumner St.,  | Hartford, WI 53027
Phone: 262-673-7850  | Fax: 262-673-3766

settlement funds as required by the terms of the Plan. Defendants' refusals violate the terms of the Plan and ERISA. Plaintiff is entitled to equitable restitution in the form of a constructive trust or equitable lien by agreement with respect to the disputed funds controlled by the Defendants.

41.     As a result of Chapman's violations of the terms of the Plan, Plaintiff has been injured. Providence Health & Services - Washington, in its capacity as fiduciary of the Plan therefore seeks all appropriate equitable relief, pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(2), to enforce the terms of the Plan.

## COUNT II

## DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201

42.     Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 41 of the Plaintiff's Complaint as if each paragraph were fully set forth herein.

43.     The Plan has an enforceable right to reimbursement for medical expenses it paid on behalf of Chapman out of any and all settlement fund(s) that Chapman has received for his injuries.

44.     The Plan has attempted to enforce its right to reimbursement by asserting a lien on any recovery received by Chapman.

45.     Chapman and his agent have refused to honor the Plan's right to reimbursement with respect to the settlement funds.

MATTHIESEN WICKERT & LEHRER SC.
1111 E. Sumner St.,  | Hartford, WI 53027
Phone: 262-673-7850  | Fax: 262-673-3766

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

46.    Chapman's continued refusal to honor the terms of the Plan, and continued actions that prejudice the Plan's right of reimbursement are violations of the Plan terms and a breach of Chapman's obligations to the Plan.

47.    The Plaintiff seeks a declaratory judgment from the Court construing the subrogation and reimbursement provisions within the Plan and the inapplicability of the "make-whole" and "common fund" or other doctrines that purport to reduce the Plan's reimbursement interest, such that the Plan is entitled to first priority reimbursement of the benefits it paid on behalf of Chapman from the proceeds of any and all settlement(s) that Chapman has received for his injuries.

## COUNT III

## ATTORNEYS' FEES AND COSTS

48.    Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 47 of the Plaintiff's Complaint as if each paragraph were fully set forth herein.

49.    Plaintiff is entitled to reasonable attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g) and the express terms of the Plan.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Providence Health & Services - Washington in its capacity as fiduciary of the Providence Health & Services Health and Welfare Benefit Plan, requests the following:

MATTHIESEN WICKERT & LEHRER SC.
1111 E. Sumner St.,  | Hartford, WI 53027
Phone: 262-673-7850  | Fax: 262-673-3766

a)      The imposition of an *in rem* constructive trust and/or equitable lien by agreement in favor of the Plan upon the proceeds of any and all settlement(s), plus accrued interest, in the possession of Chapman and/or his attorneys, agents or representatives in the full amount of payments made by the Plan on behalf of Grant Chapman from his recovery of $1,000,000.00; plus accrued interest;

b)      A declaration of the Plan's ownership of the above-referenced settlement funds up to the full amount of payments made by the Plan of behalf of Grant Chapman from his recovery of $1,000,000.00; plus accrued interest;

c)      An accounting of the disposition of any recoveries obtained by the Defendants;

d)      An order enjoining the Defendants from transferring or disposing of any settlement funds which would prejudice, frustrate, or impair Plaintiff's ability to recover same;

e)      An order directing the Defendants to turn over the proceeds of any and all settlement recoveries in the full amount of payments made by the Plan on behalf of Grant Chapman from his recovery of $1,000,000.00; plus accrued interest;

f)      Other and further equitable relief to which the Plaintiff may be entitled, including but not limited to specific performance, which may be necessary for the Defendant to comply with his obligations under the terms of the Plan;

MATTHIESEN WICKERT & LEHRER SC.
1111 E. Sumner St., | Hartford, WI 53027
Phone: 262-673-7850 | Fax: 262-673-3766

1

2    g)    Awarding Plaintiff, Providence Health & Services - Washington in its

capacity as fiduciary of the Providence Health & Services Health and Welfare Benefit

3    Plan pre-and post-judgment interest, costs, and attorneys' fees; and

4    h)    Any other relief as this Court may deem just and proper.

5

6    DATED this 12th day of November, 2021.

7

8

9                              By: *s/ Nancy A. Case*
                                    Nancy A. Case
10                                   Washington Bar No.: 53413
                                    Matthiesen Wickert & Lehrer S.C.
11                                   1111 E. Sumner St.
                                    Hartford, WI 53027
12                                   (262) 673-7850

13

14                                  *Attorney for the Plaintiff, Providence*
                                    *Health & Services – Washington in its*
15                                   *Capacity as fiduciary of the Providence*
                                    *Health & Services Health and Welfare*
16                                   *Benefit Plan*

17

18

19

20

21

22

23

24

25

26

COMPLAINT - 15                        MATTHIESEN WICKERT & LEHRER SC.
                                    1111 E. Sumner St.,  | Hartford, WI 53027
                                    Phone: 262-673-7850  | Fax: 262-673-3766